UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOE RICHARDSON                                                                     PETITIONER
ADC #140471

V.                          No. 4:23-cv-179-BSM-JTR
                            (Related Case: 5:10-cv-110-BSM)

DEXTER PAYNE                                                                       RESPONDENT
Director, Arkansas Department of Corrections

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. BACKGROUND

Petitioner Joe Richardson ("Richardson"), who is currently incarcerated at the Delta Regional Unit of the Arkansas Department of Corrections, has filed another Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his 2007 rape conviction in Saline County Circuit Court. *Doc. 1*.

Richardson challenges the same conviction he previously challenged in

*Richardson v. Hobbs*, E.D. Ark. No. 5:10-cv-110-BSM. On July 2, 2010, United States Magistrate Judge Beth Deere recommended that the habeas action be dismissed with prejudice because the applicable one-year statute of limitations barred all of Richardson's claims. *Doc. 7*. On July 28, 2010, United States District Judge Brian S. Miller adopted Magistrate Judge Deere's Recommendation. *Doc. 10*. On August 11, 2010, Richardson filed a Notice of Appeal. *Doc. 14*. The Eighth Circuit Court of Appeals dismissed Richardson's appeal on December 22, 2010. *Doc. 20*.

On March 8, 2023, Richardson initiated this action. This action is his second § 2254 challenge to his 2007 state court conviction. For the reasons discussed below, the Court recommends that the case be dismissed, *sua sponte*, because Richardson has not obtained the required permission from the Eighth Circuit Court of Appeals *before* bringing this successive habeas action.

## II.  DISCUSSION

After conducting the required initial review of a § 2254 habeas petition, a federal court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases in United States District Courts; 28 U.S.C. § 2243.  As part of this initial review, a federal court is also obligated to decide whether it has subject matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490

2

(8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

This is Richardson's second § 2254 habeas action. Only the Eighth Circuit Court of Appeals has the authority to permit Richardson to file a successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Unless and until Richardson obtains the required authorization from the Eighth Circuit Court of Appeals, this Court lacks subject matter jurisdiction over this action. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007) (absent prior authorization, district court lacks jurisdiction to entertain a "second or successive" § 2254 habeas petition).

IT IS THEREFORE RECOMMENDED THAT:

1. All claims asserted in Richardson's 28 U.S.C. § 2254 Petition, *Doc. 1*, be DENIED, and this case be DISMISSED, without prejudice.

2. All pending motions be DENIED as moot.

3. A Certificate of Appealability be DENIED. See 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing Section § 2254 Cases in United States District Courts.

Dated this 15th day of March, 2023.

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE